IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOAQUIN CARDONA-SANDOVAL | ) | CASE NO. 4:10CV1248 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| WARDEN RODDIE RUSHING | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Joaquin Cardona-Sandova, an inmate incarcerated at the Northeast Ohio Correctional Center, Youngstown, Ohio ("NEOCC"), filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Warden Roddie Rushing. He alleges that inmates at NEOCC have been improperly charged a Mahoning County phone tax and are entitled to a refund to be deposited in their commissary accounts. Plaintiff asserts that this tax violates inmates' First Amendment rights because several of them are unable to pay the tax and are being deprived of their right to communicate with relatives. Also, before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF 3).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

Plaintiff filed a previous case in the United States District Court for the Northern District of

Ohio presenting the same facts and alleging violation of First Amendment rights. *Cardona-Sandoval v. Warden Roddie Rushing*, Case No. 4:09CV2987. Judge Sara Lioi dismissed Plaintiff's case pursuant to 28 U.S.C. § 1915(e).

Under the doctrine of *res judicata*, a claim is barred if all of the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008); *Browning v. Levy*, 283 F.3d 761, 771-72 (6th Cir.2002).

The Court notes that *res judicata* is an affirmative defense that must be raised by the Defendant. *Rule 8(c) of the Fed. R. Civ. P. See Haskell v. Wash. Township,* 864 F.2d 1266, 1273 (6th Cir. 1988) (noting that it is ordinarily error for a district court to raise an affirmative defense *sua sponte*). However, the Supreme Court as well as the Sixth Circuit have indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California,* 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee ,* 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (affirming a district court's *sua sponte* assertion of *res judicata* where the district court had decided the original case and adding that "a district court may invoke the doctrine of *res judicata* in the interests of, *inter alia,* the promotion of judicial economy"); *see also Curry v. City of Syracuse,* 316 F.3d 324, 331 (2d Cir.2003); *Agg v. Flanagan,* 855 F.2d 336, 344 (6th Cir.1988) (Contie, J., dissenting) (noting that several courts *sua sponte* have raised the issue of *res judicata* because "in appropriate cases [this practice] 'insures the finality of decisions, conserves judicial resources, and protects litigants from multiple lawsuits' ... [and][f]or these reasons, courts

raise *res judicata sua sponte* despite the technical pleading requirements of Rule 8(c)").

Plaintiff's Complaint satisfies all the criteria of *res judicata*. There is no reason why this action, raising the exact claim that was previously dismissed, should continue.

Accordingly, for the foregoing reason, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's request for appointment of counsel is denied. Further, Plaintiff's Motion for Preliminary Injunction is denied. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: October 20, 2010       **S/Christopher A. Boyko**
JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE